John D. Kinton (CA Bar No. 203250)
jkinton@jonesday.com
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121
Phone: (858) 314-1200
Fax: (858) 314-1150

Attorney for Plaintiff
HOIST FITNESS SYSTEMS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOIST FITNESS SYSTEMS, INC.,<br>Plaintiff,<br>v.<br>TUFFSTUFF FITNESS INTERNATIONAL, INC.,<br>Defendant. | Case No. '17CV0670 MMABLM<br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR PATENT INFRINGEMENT**<br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff Hoist Fitness Systems, Inc. ("Hoist"), asserts this Complaint against Defendant TuffStuff Fitness International, Inc. ("Defendant").

Hoist seeks injunctive and monetary relief from Defendant for patent infringement. As alleged more fully below, Defendant has violated, and continues to violate, the Patent Act (35 U.S.C. § 1, *et seq.*) through their unauthorized use of Hoist's intellectual patent rights relating to its strength training products.

Hoist alleges the following against Defendant:

1. This is an action to combat Defendant's willful infringement of Hoist's United States patents in violation of 35 U.S.C. § 271.

2. As a direct and proximate result of Defendant's unlawful manufacture, use, offering for sale, sale, and/or importation of infringing products, Hoist is irreparably harmed. Hoist seeks a permanent injunction, damages adequate to compensate for the infringement and enhanced damages for Defendant's willful infringement, as well as Hoist's costs, and attorneys' fees as authorized by the Patent Act.

## THE PARTIES

3. Hoist is a corporation organized under, and existing by virtue of, the laws of the state of California, with its principal place of business located at 11900 Community Road, Poway, California 92064.

4. On information and belief, Hoist alleges that Defendant is a corporation organized and existing under the laws of the State of California with its principal place of business at 13971 Norton Avenue, Chino, California 91791.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant has in the past transacted, and/or continues to transact and/or solicit

business throughout the United States, including in this District, and its infringing activities have occurred and continue to occur throughout the United States and in this District. On information and belief, Defendant maintains a sales force in California for the purpose of serving customers in California and in this District. On information and belief, Defendant has furnished and continues to furnish strength training equipment within this District. On information and belief, by furnishing strength training equipment within this District, Defendant has purposely availed itself of the privilege of doing business in California and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## HOIST'S INTELLECTUAL PROPERTY RIGHTS

8. Hoist is in the business of designing, manufacturing, promoting, marketing, advertising, distributing, and selling strength training equipment worldwide, including the United States and in this District.

9. Hoist began in 1977 when two friends with a passion for exercise and health launched a fitness club in Solana Beach, CA. They quickly realized the strength training equipment available did not meet the needs of their facility. Soon after, Hoist was officially founded with the goal of providing innovative equipment that would perform better, be easier to use and withstand high-use commercial settings.

10. Over the years Hoist established a name for itself as an innovator in developing strength products. Hoist initially specialized in commercial strength equipment. But later Hoist entered the consumer market after a number of clients requested "Health Club Quality" fitness equipment, reimagined for home use. The result was the Hoist 1000 Home Gym, the world's first-ever home gym Vertical Press. The Hoist 1000 set a new industry standard, firmly establishing Hoist as a leader in fitness equipment innovation.

11. Since then, Hoist has developed and built a series of products suited for the training needs of diverse population groups, ranging from children, to active

seniors, to the more athletic and well-conditioned.

12. One of Hoist's premier commercial fitness product lines is the unique ROC-IT™ line. When using ROC-IT™ fitness machines, the user becomes an integral part of the exercise because the position of the user continuously adjusts with the movement of the exercise arm. As a result, the ROC-IT™ line embodies a unique training experience that achieves the unrestricted joint movement and core activating benefits of functional training coupled with the stabilizing benefits of machine-based equipment. The ROC-IT™ products have become prominent throughout the U.S. and around world in major fitness club chains. The ROC-IT™ products are also used at major colleges and universities, and on US military installations. In fact, ROC-IT™ products are on every aircraft carrier in the U.S. Navy.

13. Hoist has expended significant resources at its San Diego County-based design center developing its innovative products like ROC-IT™. As a result of these innovations, Hoist has been awarded over 70 design and utility patents world-wide, including United States Patent Nos. 7,549,949 ("'949 patent"), 7,563,209 ("'209 patent"), 7,594,880 ("'880 patent"), 7,654,938 ("'938 patent"), 7,976,440 ("'440 patent") and 7,993,251 ("'251 patent") (collectively, "asserted patents").

14. Hoist has also expended substantial resources in manufacturing, promoting, marketing, advertising, distributing and selling its products, brands and packaging, and has built a very valuable business based on demand for its distinctively-styled, quality strength training equipment.

## HOIST'S ASSERTED PATENTS

15. Hoist is the lawful assignee and owner of all right, title, and interest in and to the '949 patent, which is entitled "Chest press exercise machine with self-aligning pivoting user support." The United States Patent & Trademark Office ("PTO") duly and legally issued the '949 patent on June 23, 2009. A true and

correct copy of the '949 patent is attached hereto as Exhibit 1.

16. Hoist is the lawful assignee and owner of all right, title, and interest in and to the '209 patent, which is entitled "Leg exercise machine with self-aligning pivoting seat." The PTO duly and legally issued the '209 patent on July 21, 2009. A true and correct copy of the '209 patent is attached hereto as Exhibit 2.

17. Hoist is the lawful assignee and owner of all right, title, and interest in and to the '880 patent, which is entitled "Self-aligning pivoting seat exercise machine." The PTO duly and legally issued the '880 patent on September 29, 2009. A true and correct copy of the '880 patent is attached hereto as Exhibit 3.

18. Hoist is the lawful assignee and owner of all right, title, and interest in and to the '938 patent, which is entitled "Exercise machine with pivoting user support having multiple pivot linkage." The PTO duly and legally issued the '938 patent on February 2, 2010. A true and correct copy of the '938 patent is attached hereto as Exhibit 4.

19. Hoist is the lawful assignee and owner of all right, title, and interest in and to the '440 patent, which is entitled "Upper back exercise machine with self-aligning pivoting user support." The PTO duly and legally issued the '440 patent on July 12, 2011. A true and correct copy of the '440 patent is attached hereto as Exhibit 5.

20. Hoist is the lawful assignee and owner of all right, title, and interest in and to the '251 patent, which is entitled "Pectoral fly exercise machine." The PTO duly and legally issued the '251 patent on August 9, 2011. A true and correct copy of the '251 patent is attached hereto as Exhibit 6.

## **DEFENDANT'S ACCUSED PRODUCTS**

21. Defendant's infringing products include the BA-701 Chest Press, the BA-702 Shoulder Press, the BA-703 Biceps Curl, the BA-704 Triceps Dip, BA-705 Lat Pulldown, the BA-706 Mid Row, the BA-707 Leg Extension, the BA-708 Leg Curl, and the BA-709 Leg Press (collectively, "Accused Products").

22. On information and belief, Defendant is infringing the Hoist asserted patents by using, manufacturing, offering for sale, selling, and/or importing the Accused Products without authorization from Hoist.

23. On information and belief, Defendant has not ceased its infringement of Hoist's foregoing patents.

## FIRST CLAIM FOR RELIEF

**(Infringement – '949 patent)**

24. Hoist re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

25. Hoist is the owner of all right, title, and interest in the '949 patent.

26. Defendant has infringed the '949 patent, and continues to infringe the '949 patent, in violation of 35 U.S.C. § 271 by using, manufacturing, offering for sale, selling, and/or importing the BA-701 Chest Press, which practices at least claims 2, 8 and 23 of the '949 patent. A claim chart comparing the BA-701 Chest Press to claims 2, 8 and 23 of the '949 patent is attached as Exhibit 7.

27. Hoist has been and will continue to be irreparably injured by Defendant's ongoing patent infringement in a manner that may be impossible to quantify, unless enjoined by this Court. Hoist has no adequate remedy at law for the ongoing injury. Accordingly, Hoist seeks a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, to prohibit Defendant from any further infringement of the '949 patent.

28. As a consequence of Defendant's infringement of the '949 patent and in addition to injunctive relief, Hoist is entitled to damages, pursuant to 35 U.S.C. § 284, in an amount no less than a reasonable royalty for the use made of the invention by Defendant, plus interest and costs.

29. On information and belief, Defendant has willfully infringed the '949 patent. Hoist is entitled to increased damages of three times the damages assessed pursuant to 35 U.S.C. § 284, as well as attorney's fees pursuant to 35 U.S.C. § 285.

## SECOND CLAIM FOR RELIEF

**(Infringement – '209 patent)**

30. Hoist re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

31. Hoist is the owner of all right, title, and interest in the '209 patent.

32. Defendant has infringed the '209 patent, and continues to infringe the '209 patent, in violation of 35 U.S.C. § 271 by using, manufacturing, offering for sale, selling, and/or importing the BA-707 Leg Extension and BA-708 Leg Curl, each of which practices at least claims 6 and 21 of the '209 patent. A claim chart comparing the BA-707 Leg Extension to claims 6 and 21 of the '209 patent is attached as Exhibit 8.

33. Hoist has been and will continue to be irreparably injured by Defendant's ongoing patent infringement in a manner that may be impossible to quantify, unless enjoined by this Court. Hoist has no adequate remedy at law for the ongoing injury. Accordingly, Hoist seeks a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, to prohibit Defendant from any further infringement of the '209 patent.

34. As a consequence of Defendant's infringement of the '209 patent and in addition to injunctive relief, Hoist is entitled to damages, pursuant to 35 U.S.C. § 284, in an amount no less than a reasonable royalty for the use made of the invention by Defendant, plus interest and costs.

35. On information and belief, Defendant has willfully infringed the '209 patent. Hoist is entitled to increased damages of three times the damages assessed pursuant to 35 U.S.C. § 284, as well as attorney's fees pursuant to 35 U.S.C. § 285.

## THIRD CLAIM FOR RELIEF

**(Infringement – '880 patent)**

36. Hoist re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

37. Hoist is the owner of all right, title, and interest in the ’880 patent.

38. Defendant has infringed the ’880 patent, and continue to infringe the ’880 patent, in violation of 35 U.S.C. § 271 by using, manufacturing, offering for sale, selling, and/or importing the BA-701 Chest Press, the BA-702 Shoulder Press, the BA-703 Biceps Curl, the BA-704 Triceps Dip, and the BA-709 Leg Press, each of which practices at least claim 22 of the ’880 patent.

39. Hoist has been and will continue to be irreparably injured by Defendant’s ongoing patent infringement in a manner that may be impossible to quantify, unless enjoined by this Court. Hoist has no adequate remedy at law for the ongoing injury. Accordingly, Hoist seeks a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, to prohibit Defendant from any further infringement of the ’880 patent. A claim chart comparing the BA-701 Chest Press to claim 22 of the ’880 patent is attached as Exhibit 9.

40. As a consequence of Defendant’s infringement of the ’880 patent and in addition to injunctive relief, Hoist is entitled to damages, pursuant to 35 U.S.C. § 284, in an amount no less than a reasonable royalty for the use made of the invention by Defendant, plus interest and costs.

41. On information and belief, Defendant has willfully infringed the ’880 patent. Hoist is entitled to increased damages of three times the damages assessed pursuant to 35 U.S.C. § 284, as well as attorney’s fees pursuant to 35 U.S.C. § 285.

**FOURTH CLAIM FOR RELIEF**

**(Infringement – ’938 patent)**

42. Hoist re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

43. Hoist is the owner of all right, title, and interest in the ’938 patent.

44. Defendant has infringed the ’938 patent, and continue to infringe the ’938 patent, in violation of 35 U.S.C. § 271 by using, manufacturing, offering for sale, selling, and/or importing the BA-701 Chest Press, the BA-702 Shoulder

Press, the BA-703 Biceps Curl, the BA-704 Triceps Dip, and the BA-709 Leg Press, each of which practices at least claims 1, 12 and 13 of the '938 patent. A claim chart comparing the BA-701 Chest Press to claims 1, 12 and 13 of the '938 patent is attached as Exhibit 10.

45. Hoist has been and will continue to be irreparably injured by Defendant's ongoing patent infringement in a manner that may be impossible to quantify, unless enjoined by this Court. Hoist has no adequate remedy at law for the ongoing injury. Accordingly, Hoist seeks a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, to prohibit Defendant from any further infringement of the '938 patent.

46. As a consequence of Defendant's infringement of the '938 patent and in addition to injunctive relief, Hoist is entitled to damages, pursuant to 35 U.S.C. § 284, in an amount no less than a reasonable royalty for the use made of the invention by Defendant, plus interest and costs.

47. On information and belief, Defendant has willfully infringed the '938 patent. Hoist is entitled to increased damages of three times the damages assessed pursuant to 35 U.S.C. § 284, as well as attorney's fees pursuant to 35 U.S.C. § 285.

**FIFTH CLAIM FOR RELIEF**

**(Infringement – '440 patent)**

48. Hoist re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

49. Hoist is the owner of all right, title, and interest in the '440 patent.

50. Defendant has infringed the '440 patent, and continue to infringe the '440 patent, in violation of 35 U.S.C. § 271 by using, manufacturing, offering for sale, selling, and/or importing the BA-705 Lat Pulldown and the BA-706 Mid Row, each of which practices at least claims 5, 12, 13 and 20 of the '440 patent. A claim chart comparing the BA-705 Lat Pulldown to claims 5, 12, 13 and 20 of the '440 patent is attached as Exhibit 11.

51. Hoist has been and will continue to be irreparably injured by Defendant's ongoing patent infringement in a manner that may be impossible to quantify, unless enjoined by this Court. Hoist has no adequate remedy at law for the ongoing injury. Accordingly, Hoist seeks a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, to prohibit Defendant from any further infringement of the '440 patent.

52. As a consequence of Defendant's infringement of the '440 patent and in addition to injunctive relief, Hoist is entitled to damages, pursuant to 35 U.S.C. § 284, in an amount no less than a reasonable royalty for the use made of the invention by Defendant, plus interest and costs.

53. On information and belief, Defendant has willfully infringed the '440 patent. Hoist is entitled to increased damages of three times the damages assessed pursuant to 35 U.S.C. § 284, as well as attorney's fees pursuant to 35 U.S.C. § 285.

## SIXTH CLAIM FOR RELIEF

**(Infringement – '251 patent)**

54. Hoist re-alleges and incorporates by reference each of the foregoing allegations as though fully set forth herein.

55. Hoist is the owner of all right, title, and interest in the '251 patent.

56. Defendant has infringed the '251 patent, and continues to infringe the '251 patent, in violation of 35 U.S.C. § 271 by using, manufacturing, offering for sale, selling, and/or importing the BA-701 Chest Press, which practices at least claims 54 and 71 of the '251 patent. A claim chart comparing the BA-701 Chest Press to claims 54 and 71 of the '251 patent is attached as Exhibit 12.

57. Hoist has been and will continue to be irreparably injured by Defendant's ongoing patent infringement in a manner that may be impossible to quantify, unless enjoined by this Court. Hoist has no adequate remedy at law for the ongoing injury. Accordingly, Hoist seeks a preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, to prohibit Defendant from any further

infringement of the '251 patent.

58. As a consequence of Defendant's infringement of the '251 patent and in addition to injunctive relief, Hoist is entitled to damages, pursuant to 35 U.S.C. § 284, in an amount no less than a reasonable royalty for the use made of the invention by Defendant, plus interest and costs.

59. On information and belief, Defendant has willfully infringed the '251 patent. Hoist is entitled to increased damages of three times the damages assessed pursuant to 35 U.S.C. § 284, as well as attorney's fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Hoist respectfully requests that the Court enter judgment for Hoist and against Defendant, and award Hoist the following relief:

1. A judgment that Defendant has infringed one or more claims of the asserted patents;
2. Permanently enjoining Defendant, its successors, officers, agents, and employees, and anyone acting in concert or participation with or at the behest or direction of any of them, from further infringing the asserted patents by manufacturing, using, offering for sale, selling, or importing any products that infringe the asserted patents;
3. Awarding Hoist compensation for any and all damages, injury or harm pursuant to 35 U.S.C. § 284;
4. Awarding Hoist treble damages resulting from Defendant's willful and intentional conduct pursuant to 35 U.S.C. § 284;
5. Assessing Hoist's costs of this action and Hoist's attorneys' fees against Defendant pursuant to 35 U.S.C. §§ 284-285; and
6. Ordering or awarding any other such relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Hoist hereby makes a demand pursuant to Federal Rule of Civil Procedure

38(b) for a trial by jury on all issues triable to a jury.

Dated: April 3, 2017

JONES DAY,

/s/ *John D. Kinton*

John D. Kinton

Attorney for Plaintiff
HOIST FITNESS SYSTEMS, INC.

Email: jkinton@jonesday.com